UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terra Fields,

          Plaintiff,          Court File No. 17-cv-639 (DWF/LIB)

v.

                        **REPORT AND RECOMMENDATION**

Strom Engineering Corp.,

          Defendant.

This matter came before the undersigned United States Magistrate Judge pursuant to an Order of Referral, [Docket No. 29], and upon Defendant's Motion for Summary Judgment and Involuntary Dismissal, [Docket No. 22]. The Undersigned held a hearing on the Motion on December 11, 2017, after which the Motion was taken under advisement. (Minute Entry, [Docket No. 32]).

For the reasons set forth below, the Undersigned recommends that Plaintiff's Complaint be **dismissed with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.    BACKGROUND AND STATEMENT OF FACTS

Plaintiff Terra Fields initiated this action pro se in Hennepin County District Court on February 3, 2017, by mailing a copy of a Complaint to Defendant Strom Engineering Corporation. (Notice of Removal, Exh. A, [Docket No. 1-1], 1-6). Defendant is a Minnesota Corporation with its principle executive office in Hennepin County; Defendant provides temporary staffing services throughout the United States. (Id. at 1-2). Plaintiff resides in Mississippi and is a former employee of Defendant. (Id.).

Plaintiff's Complaint alleges that after she prevailed in a previous lawsuit against Defendant, it then engaged in unlawful retaliation against her in violation of Title VII of the Civil Rights Act of 1964 and it also engaged in unlawful reprisal in violation of the Minnesota Human Rights Act ("MHRA"). (Id. at 3-4). In addition, Plaintiff alleges that Defendant falsely reported income to the IRS, which led to a tax lien being placed on Plaintiff's home. (Id. at 1-3). Plaintiff seeks injunctive relief, compensatory damages, treble damages under the MHRA, attorney's fees and costs, and declaratory judgment. (Id. at 4).

On February 28, 2017, Defendant removed the case to this Court on the basis of federal question jurisdiction, and Defendant filed its Answer. ([Docket Nos. 1 and 3]). The same day, Defendant mailed a copy of the removal documents to Plaintiff at her address in Mississippi. ([Docket No. 5).

On May 3, 2017, the Undersigned held a Pretrial Conference, which Plaintiff did not attend. ([Docket No. 11]).

On May 5, 2017, the Undersigned issued the Pretrial Scheduling Order. ([Docket No. 12]).

On May 15, 2017, Defendant served Plaintiff by United States Mail with its First Requests for Production of Documents. (Mem., [Docket No. 15], 1, 3; Viksnins Aff., [Docket No. 16], 1, 3-7). The same day, Defendant also sent Plaintiff a partially completed form (Tax Form 8821) authorizing the IRS to release her tax returns to Defendant; Defendant asked that Plaintiff sign and date the form and return it. (Mem., [Docket No. 15], 2, 4; Viksnins Aff., Exh. 1, [Docket No. 16-1], 2, 8).

Plaintiff did not respond to the discovery requests, communicate with defense counsel, provide any documents, or sign the authorization form. (Mem., [Docket No. 15], 2, 4). Plaintiff also has not served Defendant with any written discovery requests. (Id. at 3).

On June 22, 2017, defense counsel sent Plaintiff a letter noting her failure to provide discovery responses, explaining the relevance of the requested discovery, and stating that if Defendant did not receive the requested documents by July 3, 2017, Defendant would bring a motion to compel. (Id. at 4; Viksnins Aff., Exh. 2, [Docket No. 16-1], 11-12). The letter also asked Plaintiff to inform defense counsel if she no longer intended to pursue the case, and if such was the case, defense counsel would prepare a stipulation of dismissal. (Mem., [Docket No. 15], 4; Viksnins Aff., Exh. 2, [Docket No. 16-1], 11-12). Plaintiff has not responded to this letter or communicated with defense counsel in any other way. (Mem., [Docket No. 15], 4).

On July 11, 2017, Defendant filed a Motion to Compel Discovery, [Docket No. 13], asking the Court to order Plaintiff to produce responsive documents and a signed copy of the tax authorization form within 14 days of the Court's Order. (Mem., [Docket No. 15], 5-6).

On July 12, 2017, the Undersigned issued an Order instructing Plaintiff to file and serve her response to the Motion to Compel by no later than July 19, 2017, and the Court scheduled a Hearing on the Motion. ([Docket No. 18]). Plaintiff did not respond, and she did not appear at the August 23, 2017, Motion Hearing. (See, Minute Entry, [Docket No. 19]).

On September 5, 2017, the Undersigned issued an Order granting Defendant's Motion to Compel. (Order, [Docket No. 20]). The Undersigned ordered Plaintiff to produce the discovery as set forth in the Order within 21 days of the date of the Order. (Id. at 8). The Undersigned also cautioned Plaintiff:

> Failure to comply with this Order may expose the Plaintiff and her case to potential sanctions under Fed. R. Civ. P. 37. If a party fails to obey and order to

3

provide or permit discovery, the court where the action is pending may, among other sanctions, dismiss the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A).

(Id. at 8 n.2).

Plaintiff did not comply with the September 5, 2017, Order. (Viksnins Aff., [Docket No. 25], 4). She did not provide any documents to Defendant, nor has she communicated further with Defendant in any manner. (Id.).

Accordingly, on November 3, 2017, Defendant brought the Motion for Summary Judgment and Involuntary Dismissal, [Docket No. 22], which is presently before the Court. Defendant asks the Court to grant summary judgment in its favor or, in the alternative, to dismiss the case with prejudice for failure to prosecute. (Mem. in Supp., [Docket No. 24], 6-13). Plaintiff did not respond to the Motion, nor did she appear at the December 11, 2017, Hearing on the Motion. (See, Minute Entry, [Docket No. 32]).

## II.   FAILURE TO PROSECUTE

Although Defendant's Motion requests summary judgment or, in the alternative, dismissal of this action for failure to prosecute, at the December 11, 2017, Motion Hearing, Defendant informed the Court that it has no preference as to which basis the Court addresses first.[1] (Dec. 11, 2017, Motion Hearing, Digital Record, 11:25-27). When presented with motions requesting summary judgment or, in the alternative, dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b), other courts within the District of Minnesota have begun by considering the argument made under Rule 41(b). See, e.g., Quay El v. Pfeifer, No. 15-cv-183 (JNE/HB), 2017 WL 401941 (D. Minn. Jan. 30, 2017); Abdi v. Garbisch, No. 12-cv-306 (JNE/JJG), 2013 WL 4829191 (D. Minn. Sept. 10, 2013); Ballard v. Holinka, No. 9-cv-679

---

[1] At the December 11, 2017, Motion Hearing, Defendant also affirmatively waived any argument regarding ineffective service by Plaintiff which Defendant had raised in its Memorandum in Support of the present Motion. (Dec. 11, 2017, Motion Hearing, Digital Record, 11:29-31).

4

(PAM), 2011 WL 317720 (D. Minn. Jan. 5, 2011), Report and Recommendation adopted at 2011 WL 308545 (D. Minn. Jan. 25, 2011). The Undersigned recommends doing the same.

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

It is abundantly clear from the record before the Court that Plaintiff has abandoned this action. As set forth above, Plaintiff was aware of the case at the time she filed the Complaint in Minnesota State District Court in February 2017. At the December 11, 2017, Motion Hearing, Defendant represented to the Court that Plaintiff was also aware of the removal of this case to Federal Court. (Dec. 11, 2017, Motion Hearing, Digital Record, 11:28-29). However, other than a single telephone call to defense counsel on April 17, 2017, in which Plaintiff approved Defendant's proposed Rule 26(f) Report and Proposed Pretrial Scheduling Order, Plaintiff has not communicated with Defendant or its attorney in any way nor otherwise participated in this case. (See, 26(f) Report, [Docket No. 8], 1; Dec. 11, 2017, Motion Hearing, Digital Record, 11:28-29).

To reiterate, Plaintiff did not file a Statement of the Case or Confidential Letter as required by the Court in advance of the Pretrial Conference. (See, Order, [Docket No. 7], 5-6). Plaintiff did not attend the March 23, 2017, Pretrial Conference, nor did she notify the Court that she did not intend to appear. (See, [Docket No. 11]). Plaintiff served no discovery requests of her own, and the October 10, 2017, deadline for conducting discovery has long since passed. (See, [Dockets No. 12 and 24]). Plaintiff similarly did not respond to any of Defendant's discovery requests. (See, [Docket No. 24], 2). Plaintiff did not obey the Court's Order that she respond to the prior Motion to Compel by Defendant, and she did not attend the August 23, 2017, Hearing

on the Motion to Compel nor inform the Court that she did not intend to appear at that Hearing. (See, [Docket No. 19]). Plaintiff did not comply with the Court's July 12, 2017, Order directing her to produce discovery responses to Defendant, despite being cautioned therein that failure to comply with that Order could lead to dismissal of this action. (See, [Docket No. 24], 2). Plaintiff similarly failed to respond to the present Motion; she filed no responsive memorandum related to the present Motion; she did not appear at the December 11, 2017, Hearing on the present Motion; and she did not inform the Court or defense counsel that she did not intend to appear. (Dec. 11, 2017, Motion Hearing, Digital Record, 11:21-22).

Based upon Plaintiff's almost complete failure to participate in any way in the present litigation since initiating it, the Court recommends that Defendant's Motion for Summary Judgment and Involuntary Dismissal, [Docket No. 22], be **GRANTED** to the extent that it requests dismissal for failure to prosecute under Rule 41(b).

Although Rule 41(b) provides for dismissal with prejudice, the Eighth Circuit has instructed that "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay," and a dismissal with prejudice should not occur when delay is caused by accidental or involuntary behavior. See, Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000). Although the Court has, in the past, been reluctant to dismiss with prejudice under Rule 41(b), the cases in which the Court has dismissed without prejudice under Rule 41(b) do not rise to the level of abandonment which is evident in the present case now before the Court. See, Warnert v. Scott Cty. Sheriff's Dept., No. 14-cv-256 (WMW/JSM), 2016 WL 3566206, *2 (D. Minn. June 27, 2016) (dismissal under Rule 41(b) without prejudice where "[t]he record fails to demonstrate that [the plaintiff's] inaction was intentional . . . [a]nd there is no evidence that Defendants, who

have not been served, have suffered any prejudice caused by [the plaintiff's] inaction"); Lee v. Slater, No. 15-cv-4379 (JRT/TLN), 2016 WL 2869757, *1-2 (D. Minn. May 17, 2016) (dismissal under Rule 41(b) without prejudice where the Court found "no clear record of delay or willfully disobedient conduct" and the plaintiff had filed documents throughout the case).

Rather, Plaintiff's complete inaction in the present litigation is more akin to that found in Quay El v. Pfeifer, in which this Court ordered dismissal with prejudice under Rule 41(b). In Quay El, the plaintiff did not file anything with the Court for 18 months, he failed to respond to Court Orders, and he failed to update his address with the Court, which showed a "lengthy history of a demonstrated lack of diligence by [the plaintiff] on his own behalf." 2017 WL 4019141, at *1. Similarly, in the present case, Plaintiff has failed to comply with the Court's July 12, 2017, Order granting Defendant's Motion to Compel which, in turn, has led to the complete lack of discovery in the litigation. Moreover, Plaintiff has <u>never</u> herself filed anything with this Court,[2] and there is no indication that Plaintiff lacked notice of the proceedings at which she failed to appear.

In short, the record now before the Court reflects no indication that Plaintiff's failure to participate in this case was due to accidental or involuntary behavior. Rather, the record shows an intentional abandonment and total disregard for this case by Plaintiff given her clear pattern of nonparticipation and noncompliance with Court Orders, and therefore the Undersigned recommends dismissal <u>with prejudice</u> under Rule 41(b).

### IV.   CONCLUSION

    A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

---

[2] The Rule 26(f) Report was filed by Defendant only after conferring with Plaintiff by telephone; which contact was the Plaintiff's last active participation of any kind in this case.

1. Defendant's Motion for Summary Judgment and Involuntary Dismissal, [Docket No. 22], be **GRANTED;** and

2. The case be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Dated: January 11, 2018

_____
The Honorable Leo I. Brisbois
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).